LARRY O. FOLKS (#012142)
LISA S. KASS
FOLKS & O'CONNOR, PLLC
1850 North Central Ave., Suite 1140
Phoenix, AZ 85004
Telephone: (602) 256-9152
Facsimile: (602) 256-9101

*Attorneys for Movant, JPMorgan Chase Bank, NA,*

# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br>DEBRA NOVELLE HAFERKORN,<br>    Debtor. | Chapter 13 Proceedings<br>Case No.: 2:09-bk-29053-SSC |
| JPMORGAN CHASE BANK, NA,<br>    Movant,<br>vs.<br>DEBRA NOVELLE HAFERKORN and EDWARD J. MANEY, CHAPTER 13 TRUSTEE,<br>    Respondents. | **MOTION FOR RELIEF FROM THE AUTOMATIC BANKRUPTCY STAY**<br><br>**Re: Personal Property – 2005 Xerox Printer** |

JPMorgan Chase Bank, NA ("JPMorgan Chase"), a secured creditor and party-in-interest (the "Movant"), hereby moves the Court to issue an order granting them immediate relief from the automatic stay of 11 U.S.C. § 362(a) and all other applicable stays and injunctions in Debra Novelle Haferkorn's (the "Debtor") Chapter 13 proceeding to allow it to execute upon and liquidate its Xerox printer pursuant to applicable non-bankruptcy law. This Motion is submitted pursuant to 11 U.S.C. § 362(d), Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 and is supported by the following Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 10th day of March, 2010.

FOLKS & O'CONNOR, PLLC


By /s/ Lisa S. Kass
    Larry O. Folks
    Lisa S. Kass
    1850 N. Central Ave., Suite 1140
    Phoenix, AZ  8500418
    Attorneys for Movant

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Prior to her bankruptcy filing, JPMorgan Chase entered into a loan with EZ Farm, Inc. ("EZ Farm" or "Borrower"), a company owned by the Debtor, that is secured with a 2005 Xerox Printer, Model 2045 with VIN: PM9-328588 (the "Printer"). The Movant contends the Court may grant it relief from the automatic stay on two independent and alternative grounds. Those grounds are that: (1) cause exists to grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), because Movant's lien position with respect to the Printer is not adequately protected; and (2) the Debtor lacks equity in the Printer and the Printer is not necessary for an effective reorganization by the Debtor. Furthermore, the Printer was pledged by EZ Farm, not the Debtor. Therefore, the Printer is not property of the estate. Therefore, the court is authorized to grant Movants relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

## II. BACKGROUND

1. On September 26, 2005, EZ Farm executed and delivered a promissory note to JPMorgan Chase in the original principal amount of $56,000.00 (the "Note"). A true and accurate copy of Note is attached hereto as **Exhibit 1** and is herein incorporated by this reference.

2. Page 2 of the Note provides as follows:

SECURITY AGREEMENT.  Borrower hereby grants, pledges and assigns to

Lender, as security for repayment of the Indebtedness, a security interest in the following property, together with any substitutions and replacements therefore, and all products and proceeds thereof:

Equipment – Model 2045 – Make: Xerox – Vin: PM9-328588, Year 2005. *See* **Exhibit 2** at 2.

3. On October 4, 2005, a UCC-1 financing statement was filed with the Arizona Secretary of State as Instrument No. 200513865015 (the "Financing Statement"). The Financing Statement evidences JPMorgan Chase's valid, perfected and first priority lien on the Printer. A true and accurate copy of the Financing Statement is attached hereto as **Exhibit 2** and is herein incorporated by this reference.

4. An event of default under the Note consists of Borrower's failure to make any payment when due under the Note.

5. The Borrower defaulted under the terms of the Note by among other things, failure to make payment when due under the Note (the "Default").

6. As of November 22, 2009, JPMorgan Chase was owed a principal amount of $35,250.61 (the "Loan Balance").

7. The Note evidences the Borrower's indebtedness to the Movant.

8. Movant is the holder of the Note and the Financing Statement that collectively grants Movant a valid, perfected and first position lien upon the Printer.

**C.     The Chapter 13 Bankruptcy Petition**

9. On November 11, 2009 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

10. As of the Petition Date, the balance due and owing by the Debtor to JPMorgan Chase is $32,250.61.

**D.     Movant's Lien is Not Adequately Protected**

11. Upon information and belief, the Printer is declining in value by its very nature as equipment and the Movant is not receiving payments or any other form of adequate protection of its lien interest authorized by 11 U.S.C. § 361 since the Petition Date.

12. Due to the ongoing decline in value of the Printer, Movant's lien position is not adequately protected.

### E. There is No Equity in the Printer.

13. According to an appraisal of the Printer, it is worth $12,000.00, which is less than the debt owed to Movant. A true and accurate copy of the Appraisal is attached hereto as **Exhibit 3** and is herein incorporated by this reference.

14. As of the Petition Date, Movant was owed $35,250.61.

15. Not counting any junior liens upon the Printer, the value of such Printer is significantly less than the amount of Movant's secured claim. Accordingly, the Debtor has no equity in the Printer for purposes of determining whether stay relief is appropriate under 11 U.S.C. § 362(d)(2)(A). This also leaves the Movant undersecured for purposes of determining whether its interest is adequately protected under 11 U.S.C. § 362(d)(1). *See, In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984).

### F. The Printer is Not Property of the Estate.

16. The Printer was pledged by the Borrower, not the Debtor.

17. Therefore, the Printer is not properly listed as Property of the Debtor's bankruptcy estate.

18. As such, on this basis alone, relief should be granted to the Movant.

## III. LEGAL ANALYSIS

### A. General Standards for Movant to Obtain Relief From the Automatic Stay

Movant contends that two independent legal grounds entitle it to relief from the automatic stay and other applicable injunctions concerning the Printer. The legal grounds are: (1) cause exists to grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because Movant's position is not adequately protected; and (2) the Debtor lacks equity in the Printer by definition and an effective reorganization by the Debtor is not within prospect. In addition, the Printer is not property of the Debtor's estate.

The standards for relief applicable to 11 U.S.C. § 362 (d)(1) and (d)(2) are independent and alternative. *In re Duvar Apt., Inc.*, 205 B.R. 196, 199 (9th Cir. BAP 1996).

Section 362(d)(1) specifically states that the lack of adequate protection of a creditor's interest in property is one type of cause for stay relief. 11 U.S.C. § 362 (d)(1). On the other hand, § 362(d)(2) focuses more upon the value of the collateral held by a debtor. To obtain relief pursuant to § 362(d)(2), there must be no equity in the collateral securing the creditor *and* the collateral must not be necessary for an effective reorganization of the debtor. *In re Sun Valley Newspapers, Inc.*, 171 B.R. 71, 74 (9th Cir. BAP 1994); *La Jolla Mortgage Fund v. Rancho El Cajon Associates*, 18 B.R. 283, 286, 289-290 (Bankr. S.D. Cal. 1982). The debtor bears the burden on all issues except whether equity exists in the collateral securing repayment to the creditor. *United Savings Assn. of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988).

**B.  Cause Exists for the Court to Grant Movant Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1).**

Section 362(d)(1) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for **cause** including the lack of adequate protection of an interest in property of such party in interest; (*emphasis added*).

11 U.S.C. § 362(d)(1).

Section 362(d)(1) specifically lists **the lack of adequate protection** as sufficient **cause** for granting relief from the automatic stay. Section 361 of the Bankruptcy Code generally defines the scope of adequate protection. That Section provides:

> When adequate protection is required under 362, 363 or 364 of this title of an interest of an entity in property, such adequate protection may be provided by--
>
> (1)  requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this tile, use, sale or lease under section 363 or this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
>
> (2)  providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

5

>     (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361.

Generally, courts consider a secured creditor to be adequately protected if an "equity cushion" exists in the subject property. *In re Nashau Trust Company,* 73 B.R. 423, 431 (Bankr. N.J. 1987). An "equity cushion" has been defined as "the value in the property, above the amount owed to the creditor with a secured claim, that will shield that interest from loss due to any decrease in the value of the property during the time the automatic stay remains in effect." *In re Mellor,* 734 F.2d 1396, 1400 N.2 (9th Cir. 1984) *quoting In re Roane,* 8 B.R. 997, 1000 (Bankr. E.D. Pa. 1981), *aff'd,* 14 B.R. 542 (E.D. Pa. 1981). Whether there is an "equity cushion" in a particular property is decided on a case-by-case basis. *In re Kost*, 102 B.R. 829 (Bankr. Wyo. 1989). In addition, as defined by § 361, adequate protection may consist of cash payments, additional or replacement liens, or any other relief providing the secured creditor the indubitable equivalent of their interest in the property. 11 U.S.C. § 361.

No "equity cushion" exists in this case. In fact, Movant is an undersecured creditor. *See*, *In re Mellor,* 734 F.2d at 1400; *Stewart v. Gurley,* 745 F.2d 1194, 1195 (9th Cir. 1984). As such, Movant is entitled to adequate protection of its interest in the Printer to the extent that the Printer is declining in value. *United Savings Association of Texas*, 484 U.S. 365, 108 S.Ct. 626, 630, 98 L.Ed. 2d 740. Indeed, by its nature as equipment, the Printer is declining in value on an ongoing basis and, as such, the Court must be compelled to conclude that the Movant is not adequately protected under the circumstances.

### C. Movant Should Be Granted Relief From Stay Because the Debtor Does Not Have Any Equity in the Printer and It Is Not Necessary to an Effective Reorganization.

Bankruptcy Code § 362(d)(2) offers Movants an independent and alternative ground to obtain relief from the automatic stay. Section 362(d)(2) provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2).

### 1. The Debtor does not have equity in the Printer.

First, the Printer is improperly listed as property of the estate since the Borrower, not the Debtor, pledged the Printer as security for repayment of the Loan Balance. As such, on this basis alone, relief must be granted. Regardless, the Ninth Circuit definition of "equity" for purposes of § 362(d)(2)(A) is "the difference between the value of the property and all the encumbrances upon them". *Stewart,* 745 F.2d at 1196; *In re Sun Valley Newspapers, Inc.,* 171 B.R. at 74. The Appraisal estimates the Printer has a value of approximately $12,000.00. It is unlikely the Debtor will produce evidence to controvert the valuation of the Printer. Movant is owed $35,250.61. As such, even if any other liens upon the Printer are disregarded, the Debtor has no equity in the Printer.

### 2. The Printer is not necessary to an effective reorganization.

Movants have established that the Debtor has **no equity** in the Printer. Therefore, the burden is on the Debtor to demonstrate that the Printer is necessary for her reorganization. For purposes of § 362(d)(2)(B), the United States Supreme Court has found:

> **. . . it is the burden of the DEBTOR to establish that the collateral at issue is "necessary to an effective reorganization."** *See* **section(g). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization THAT IS IN PROSPECT.** This means, as many lower courts have properly said, that **there must be a reasonable possibility of a successful reorganization within a reasonable time.** *In re Timbers of Inwood Forest Assoc., Ltd.,* 808

F.2d 363, 370-371, nn. 12-13, and cases cited therein *(emphasis added)*.

*United Savings Assn.,* 484 U.S. 365, 108 S.Ct. 626, 98 L. Ed. 2d 740, 748-749.

The Debtor will inevitably fail in this regard. Although the Debtor filed a Chapter 13 petition, there is no equity in the Printer. Therefore, the Movant is hard-pressed to see how the Printer can be used for the Debtor's reorganization. Furthermore, as stated above, the Printer is not property of the estate, and, as such, cannot be utilized for purposes of the Debtor's reorganization. As such, the Printer is not necessary for an effective reorganization in this case.

WHEREFORE, based on the foregoing, Movants respectfully request that the Court enter their Order granting the following relief:

A. Terminating any and all stays and injunctions, including the automatic stay of 11 U.S.C. § 362(a) to allow Movant to exercise any and all of its applicable non-bankruptcy rights and remedies in and to the Printer, including, without limitation, repossessing and conducting a Uniform Commercial Code sale of such collateral; and

B. For such other and further relief as the Court deems just and reasonable under the circumstances.

DATED this 10th day of March, 2010.

                                                  FOLKS & O'CONNOR, PLLC

                                                By__/s/ Lisa S. Kass_____
                                                   Larry O. Folks
                                                   Lisa S. Kass
                                                   1850 N. Central Ave., Suite 1140
                                                   Phoenix, AZ  8500418
                                                   *Attorneys for Movants*

**ORIGINAL** filed by **ECF** and
**COPIES** of the foregoing mailed
this 10th day of March, 2010, to:

Debra Novelle Haferkorn
9307 E. Cortez Street
Scottsdale, AZ 85260
*Debtor*

Nasser U. Abujbarah
The Law Offices of Nasser U. Abujbarah
7025 E. McDowell Road, Suite 9
Scottsdale, AZ 85257
*Attorney for Debtor*

Edward J. Maney
P.O. Box 10434
Phoenix, AZ 85064-0434
*Chapter 13  Trustee*

US Trustee
Office of the US Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003

By  /s/  Kathlyn Maez
    *An Employee of Folks & O'Connor, PLLC*